434 So.2d 329 (1983)
STATE of Florida, Appellant,
v.
Daniel POMERANCE, Appellee.
No. 82-1172.
District Court of Appeal of Florida, Second District.
February 16, 1983.
Rehearing Denied March 17, 1983.
*330 Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Mark Krasnow, Miami, for appellee.
BOARDMAN, Acting Chief Judge.
The state appeals the trial court's order granting appellee Daniel Pomerance's motion to suppress. We reverse.
Appellee was arrested at Sambo's Restaurant in Lee County, Florida, for conspiracy to deliver cocaine. The automobile driven by appellee was then seized by the officers pursuant to sections 932.702 and 932.703, Florida Statutes (1981). At the sheriff's office the automobile was searched and inventoried. A brown paper bag was found in the trunk, and three and one-half ounces of cocaine wrapped in white freezer paper were found inside the bag.
Appellee filed a motion to suppress the cocaine. The trial court ruled that the vehicle in question was lawfully seized under the forfeiture statute, but suppressed the cocaine based on Robbins v. California, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981).
Robbins has since been overruled by United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). Furthermore, the search of the automobile here was an inventory search performed following seizure under the forfeiture statutes, not a search incident to an arrest, as in Robbins. Therefore, the propriety of the search and inventory of the vehicle in question is not controlled by either Robbins or Ross.
The issue before us, then, is whether the automobile was properly seized and impounded without a warrant at the time of appellee's arrest. If so, the search of the trunk of the car was a proper inventory search. Godbee v. State, 224 So.2d 441 (Fla. 2d DCA 1969); Waterhouse v. State, 256 So.2d 397 (Fla. 3d DCA 1972).
We have found no case addressing this issue. However, section 932.703, Florida Statutes (1981), which provides for the forfeiture of motor vehicles used to transport, conceal, or facilitate the sale of contraband, in violation of section 932.703, no-where mentions obtaining a warrant; it simply states that an offending vehicle "shall be seized." We know of no rationale for judicially engrafting onto the statute a requirement that a warrant be obtained. The courts have long distinguished between automobiles and houses in the context of a search. E.g., Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Given the ready mobility of the automobile in issue here and the reasonable likelihood, under the circumstances here, that the car would be hidden while a warrant was being obtained, we conclude that probable cause was sufficient to support the seizure. Furthermore, the officers clearly had probable cause to justify the seizure.
Accordingly, the trial court erred in granting the motion to suppress. We therefore REVERSE the order granting the motion and REMAND the cause for further proceedings consistent with this opinion.
RYDER and SCHOONOVER, JJ., concur.